# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dino Caroselli, a/k/a Horan,<br><br>         Plaintiff,<br><br> -against-<br><br>Michael Curci, Former Kings County Supreme Court, Judge [Deceased], Plummer Lott, Kings County, Supreme Court Judge, Reinaldo E. Rivera, Appellate Division, Second Department Judge, New York City, Elizabeth Holtzman, Former Kings County District Attorney, New York State, Abraham Friedman, Former Kings County District Attorney, Albert C. Aronne, Former Defense Attorney; Patrick Bonammo, Former Attorney [Deceased] [Deceased], Morgan J. Dennehy, Assistant District Attorney, Charles Hynes, Kings County District Attorney, David Crow, Appellate Attorney, New York State Legal Aid Society, A. Gail Prudenti, Appellate Division Second Department Judge, Howard Miler, Appellate Division Second Department Judge, Robert W. Schmidt, Appellate Division Second Department Judge, Stephan G. Crane, Appellate Division Second Department Judge and Susan Phillips Read, New York State Court of Appeals Judge,<br><br>         Defendants. | 08-CV-1743<br><br>MEMORANDUM,<br>JUDGMENT, &<br>ORDER |

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

  Defendants Legal Aid Society and David Crow ("Legal Aid Defendants"), Plummer Lott, Reinaldo E. Rivera, A. Gail Prudenti, Howard Miller, Robert Schmidt, Stephen G. Crane and



1

Susan Phillips Read, all New York State court judges ("Judicial Defendants"), and the State of New York move to dismiss the amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) on the basis of their immunity. Defendants who are former Kings County District Attorneys or Assistant District Attorneys ("Prosecutors") and the City of New York move to dismiss on the basis of their immunity.

Legal Aid Defendants argue that this court lacks subject matter jurisdiction over this controversy because they are not state actors as defined by 42 U.S.C. § 1983.

Judicial Defendants and the State of New York submit that the claims against them are barred under the doctrine of absolute judicial immunity, by the Eleventh Amendment, and by the *Rooker-Feldman* doctrine.

Prosecutors and the City of New York contend that plaintiff's claims are barred by absolute and qualified immunity.

All defendants rely on the statute of limitations and other defenses.

For the reasons stated below, the complaint is dismissed.

## II.  Facts and Procedural History

Dino Caroselli entered a plea of guilty on a New York State charge of attempted robbery in the second degree in 1985. The government was prepared to produce at trial evidence that Caroselli possessed a weapon. In September 1985, the Legal Aid Society began its legal representation of Caroselli with respect to the appeal of an adverse decision on his suppression motion at a *Mapp* hearing. Aff. in Supp. of Legal Aid Defs.' Mot. to Dismiss, ¶ 9. Defendant David Crow is an attorney licensed to practice law in the state of New York and is employed by the Legal Aid Society. He was assigned as counsel to Caroselli. Id. at ¶¶ 10-15.

2

The Prosecutors represented the People of New York in the criminal proceedings against Caroselli related to the 1985 conviction. Compl. ¶ 30. A Predicate Felony Statement was filed stating that his prior convictions made him eligible for an enhanced sentence as a predicate felony offender. He filed an appeal, although his counsel believed there were no meritorious grounds on which to appeal. The Appellate Division for the Second Department affirmed the conviction on January 11, 1988. *See People v. Horan ("Horan I")*, 136 A.D.2d 569 (N.Y. App. Div. 2d Dep't 1988). The Legal Aid Society was relieved as counsel on the same day. *Id.*

After serving his sentence for the 1985 conviction, Caroselli was convicted in conjunction with the attempted armed robbery of a law office in 1993. Aff. in Supp. of Legal Aid Defs.' Mot. to Dismiss, ¶¶ 17-19. The trial judge, applying the 1985 conviction for sentence enhancement purposes, sentenced Caroselli to a sentence of thirty-five years to life imprisonment for his 1993 conviction. *Id.*

Caroselli has filed several legal challenges relating to the 1985 conviction, each of which has been denied.

In November 2005, he filed a motion pursuant to § 440.10 of the New York State Criminal Procedure Law. He alleged that he was misinformed regarding his offender status and that he was the victim of judicial coercion and ineffective assistance of counsel. Compl. ¶ 53. Caroselli's claims were found to be without merit. *Id.* at ¶¶ 59, 63.

In October 2007, Caroselli applied for a writ of error on the ground of ineffective assistance of appellate counsel, which was denied by the Appellate Division. *See People v. Horan ("Horan II")*, 44 A.D.3d 1073 (N.Y. App. Div. 2d Dep't 2007).

Caroselli filed an Article 78 petition seeking a writ of mandamus for vacatur of the

adverse order on the § 440.10 motion. It was denied. *Caroselli v. Lott*, 892 N.E.2d 393 (N.Y. 2008). In February 2008, Caroselli was denied leave to appeal to the New York State Court of Appeals. *People v. Horan ("Horan III")*, 883 N.E.2d 1259 (N.Y. 2008).

On June 28, 2008, Caroselli petitioned this court for relief pursuant to 42 U.S.C. § 1983, claiming that the Legal Aid and Judicial Defendants violated his constitutional, civil, statutory, and human rights by depriving him of his right to effective assistance of counsel on his first appeal and of his right to appeal. He asserted that he was incorrectly sentenced as a predicate felony offender, and that Defendants violated his constitutional, civil and human rights by allowing the judiciary to convict him by coercion and misrepresentation.

He seeks injunctive relief "to prevent the defendants[] from inflicting further injury" by "disallowing any and all collateral consequences to flow from [the conviction], making it improper to utilize[] it" to impeach plaintiff's testimony, to consider it in parole determinations, and for sentence enhancement determinations, among other purposes. Compl. ¶ 128. Monetary damages are sought against Legal Aid Defendants in the amount of $300,000. *Id.* In the alternative, plaintiff requests that this court order a state court to conduct a "constitutional de novo review of the claims contained" in his appeals and other collateral challenges related to his state law convictions. *Id.*

### III. Law and Application of Law to Facts

#### A. Legal Aid Defendants

##### 1. Requirement of State Action for Section 1983 Claim

Under 42 U.S.C. § 1983, plaintiffs may seek relief for conduct under color of state law that constitutes a deprivation of rights guaranteed by the constitution or laws of the United States.

4

*See Wilson v. Garcia*, 471 U.S. 261, 278 (1985). Required is a showing of "state action" – that is, a showing that "[p]rivate persons[] jointly engaged with state officials in the prohibited action." *United States v. Price*, 383 U.S. 787, 794 (1966). Such conduct "does not require that the accused be an officer of the State," but only that the accused be "a willful participant in joint activity with the State or its agents." *Id.*

The Legal Aid Defendants have not engaged in conduct "under color of state law" for purposes of a § 1983 claim. Defendants did not act as, or with, any officers of the state. The Court of Appeals for the Second Circuit has directly addressed this issue, finding that "[i]t cannot be said that the [Legal Aid] Society acts under color of state law by virtue of the financial and other benefits which it receives . . . since there has been no sufficient showing of governmental control, regulation or interference with the manner in which the Society conducts its affairs." *Lefcourt v. The Legal Aid Soc.*, 445 F.2d 1150, 1155 (2d Cir. 1971). In *Graseck v. Mauceri*, the Court of Appeals for the Second Circuit inquired whether any state judges had so influenced Legal Aid Society's conduct that such conduct could be said to constitute state action. The court held there was not a sufficient "degree of government influence and control" to support a finding that Legal Aid Society was a state actor subject to a § 1983 claim. 582 F.2d 203, 211 (2d Cir. 1978).

Plaintiff seeks $300,000 in damages from Legal Aid Defendants. He has not alleged that any court or judge has exercised influence or control over the Legal Aid Society in its handling of his case, and there is no such evidence in the record. There is no factual support for plaintiff's contentions of misconduct by the Legal Aid Defendants. Because there is no claim or evidence of "official intrusion into the personnel policies of the [Legal Aid Society]," its conduct and

5

"management decision[s]" related to plaintiff's case "may not be attributed to the State." *Id.* at 212.

No claim under 42 U.S.C. § 1983 lies against a non-state actor. Legal Aid Defendants are not state actors.

B. Judicial Defendants and State of New York

Judges are not liable for acts done in the exercise of their judicial function. *See Mireles v. Waco*, 509 U.S. 9 (1991) (immunizing a judge from ordering that an attorney be taken forcibly to his courtroom). The law only requires that the judge not act in the "clear absence of all jurisdiction," meaning he must be performing a judicial act. *Id.* at 11-12. Judicial immunity is not defeated by allegations of bad faith or malice. *See Mireles*, 509 U.S. at 11-12. *See also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly.").

Plaintiff alleges that Judicial Defendants conspired to deny his appeals. Pl. Reply to Mot. to Dismiss ¶¶ 63-65. The allegation lacks any factual basis. There is no showing that Judicial Defendants have acted beyond their jurisdiction.

With respect to plaintiff's claims against the State of New York, the State is not a "person" under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment of the United States Constitution bars federal suits brought against a State absent a clear waiver of its sovereign immunity or clear abrogation of that immunity by Congress. *Id.* at 66. Plaintiff has not stated any cognizable claims against New York State and no ground for applying an exception to immunity under the Eleventh Amendment.

The claims against the Judicial Defendants and the State of New York are barred by the doctrine of judicial immunity and the Eleventh Amendment.

C. Prosecutors and City of New York

State prosecutors are entitled to qualified immunity under 42 U.S.C. § 1983. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Shmueli v. City of New York*, 424 F.3d 231 (2d Cir. 2005):

> Government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In most cases, qualified immunity is sufficient to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.

*Buckley*, 509 U.S. at 268.

To establish liability against a municipality, a plaintiff must make specific showings of fault and improper conduct. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The Court of Appeals for the Second Circuit has held that a plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused the injuries" and "establish a causal connection ... between the policy and deprivation of his constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985).

Plaintiff alleges the City of New York and the individual district attorneys and assistants acting within their professional capacity have violated his constitutional, civil and human rights without pointing to any specific policies and procedures. Compl. ¶¶ 88-120. Prosecutorial activities were consistent with defendants' professional position and standards.

Allegations that the Prosecutors used fraud, trickery and deceit to convince plaintiff to

7

accept a guilty plea, *see* Pl. Reply to Mot. to Dismiss ¶¶ 39-40, are entirely unsupported. There is no evidence of such misconduct or showing of the elements required under *Monell* and *Vippolis*.

Based on the record, there is no cognizable claim against the City of New York, which does not control the prosecutors.

D. Statute of Limitations

Plaintiff's claims are barred by the statute of limitations.

Federal courts must look to state law for personal injury actions in order to determine the appropriate statute of limitations for a claim under 42 U.S.C. § 1983. *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989). *See also Wilson*, 471 U.S. at 271 ("Almost every 42 U.S.C. § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action, each of which may be governed by a different statute of limitations."). New York's three-year statute of limitations governs. *Owens*, 488 U.S. at 251 (applying the state's three-year statute of limitations for personal injury actions to § 1983 claims).

Section 1983 claims accrue when the plaintiff has a complete cause of action, or when the plaintiff can file suit and obtain relief. *See Wallace v. Kato*, 594 U.S. 384, 388 (2007). The doctrine of equitable tolling allows relief under extraordinary circumstances, including when a defendant was prevented from filing within the statute of limitations based on fraud or concealment. *See TRW Inc. v. Andrews*, 534 U.S. 19, 22 (2001); *Veltri v. Building Service*, 393 F.3d 318, 325 (2d Cir. 2004).

Legal Aid Defendants were relieved as counsel in 1988. Plaintiff might have at that point filed suit seeking § 1983 relief. Approximately twenty years elapsed between Legal Aid

Defendants' legal representation of plaintiff and the filing of the present complaint. Plaintiff argues that though the three-year statute of limitations applies, Legal Aid Defendants defrauded him continually through May 2005 by withholding information about the nature of his claims. Pl. Reply to Mot. to Dismiss ¶¶ 12-15. There is no factual support for a claim of fraud or concealment by Legal Aid Defendants that would warrant equitable tolling. *See, e.g.*, Letters to Plaintiff from David A. Crow, Legal Aid Society, dated Dec. 3, 1986 and Dec. 22, 1986 (explaining application of law relating to predicate felony offender status and other relevant legal matters).

As with the claims against Legal Aid Defendants, the statute of limitations bars all claims against Judicial Defendants, Prosecutors, the City of New York, and the State of New York. All claims accrued when the plaintiff had a complete cause of action, which occurred no later than 1988, when the Appellate Division affirmed the defendant's conviction. *See Wallace*, 594 U.S. at 388. Plaintiff by that time had knowledge of all pertinent issues.

The statute of limitations bars all claims brought by plaintiff.

E. Improper Remedies Sought

Plaintiff seeks injunctive relief that would prevent "any and all collateral consequences to flow from [the conviction], making it improper to utilize[] it" to impeach plaintiff's future testimony, to consider it in parole determinations, and for sentence enhancement purposes, among other purposes. Compl. ¶ 128. He also requests an order that the state court conduct a "constitutional de novo review of the claims contained" in his prior applications. *Id.*

There is no authority to grant such relief. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). In any event, none

9

of the claims in the complaint have any merit warranting relief of any kind.

IV. **Conclusion**

Defendants' motions to dismiss all of plaintiff's claims in the complaint are granted. All pendent state law claims are dismissed. *See* 28 U.S.C. § 1367(C)(3); *Gordon v. Griffith*, 88 F.Supp. 2d 38, 58-59 (E.D.N.Y. 2000); there appears to be no basis for the exercise of federal jurisdiction over these claims.

The *pro se* office is respectfully requested to assist plaintiff in reviewing this judgment and, if plaintiff requests, in filing a notice of appeal.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 16, 2009
Brooklyn, New York